Filed 8/20/21  P. v. Venegas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>OSCAR VENEGAS,<br><br>    Defendant and Appellant. | H047758<br>(Monterey County<br>Super. Ct. Nos. SS170202,<br>18CR008237) |

**THE COURT**[1]

Defendant Oscar Venegas appeals from judgments entered after he pleaded guilty to sexual assault offenses and admitted violating his mandatory supervision exclusively on the basis of the new charges.  On appeal he contends that the trial court erred in denying him presentence custody credits.  The Attorney General concedes that Venegas is entitled to the additional credits and requests that this court order the superior court clerk to modify the abstract to add an additional 212 days of actual credits.  We will direct the modification and as modified, we will affirm the judgment.

**I. PROCEDURAL BACKGROUND**

While serving a term of mandatory supervision after pleading guilty to felony burglary in 2018 (case number SS170202A ["burglary case"]), Venegas was arrested and then charged on August 30, 2018, with committing a forcible lewd act on a child (Pen.

---

[1] Before Greenwood, P.J., Grover, J. and Danner, J..

Code, § 288, subd. (b)(1))[2], assault with a deadly weapon (§ 245, subd. (a)(1)), two counts of assault with intent to commit a sexual offense (§ 220, subd. (a)(2)), two counts of first degree residential robbery (§ 211), and first degree residential burglary (case number 18CR008237 ["sexual assault case"]). The same day, the probation department filed a petition to revoke Venegas's mandatory supervision solely on the ground that he had been arrested for burglary (§ 459), sexual assault (§ 243.4), and assault (§ 245, subd. (a)) committed on August 22, 2018.

On September 3, 2019, Venegas pleaded no contest to two counts of violating section 220, subdivision (a)(2) and admitted the section 12022, subdivision (b)(2) deadly weapon enhancement, in the sexual assault case. Venegas also admitted violating the terms of his mandatory supervision in the burglary case. On October 15, 2019, pursuant to the plea agreement, the trial court sentenced defendant to 20 years in the sexual assault case. The court then sentenced Venegas to three years in the burglary case, to run concurrently with the 20-year sexual assault case term. The court set a hearing on the issue of presentence custody credits.

Venegas was taken into custody on August 28, 2018, and remained in custody on the sexual assault case through sentencing. His term of mandatory supervision on the burglary case was deemed to be complete on March 27, 2019. The probation department's presentencing report concluded that Venegas was not eligible for any presentence credits between August 28, 2018, and March 27, 2019, a total of 212 days. The probation department calculated the actual days of presentence credit between March 28, 2019, and the date set for sentencing date, October 14, 2019, as 202 actual days. After the hearing on October 24, 2019, the trial court set credit for time served at 211 actual days, with 32 good-time credits, for a total of 243 days. The court rejected

---

[2] All further unspecified statutory references are to the Penal Code.

Venegas's argument that he was entitled to an additional presentence credit of 212 days for time served between August 28, 2018, and March 27, 2019.

Venegas filed a notice of appeal in the burglary case on January 3, 2020, and on August 19, 2020, this court granted Venegas's motion for constructive filing of his notice of appeal in the sexual assault case. On April 16, 2021, this court granted Venegas's application for relief from default and request for permission to seek a certificate of probable cause in the superior court. On April 26, 2021, the trial court granted the certificate of probable cause.

## II. DISCUSSION

On appeal Venegas contends that he is entitled to an additional 212 days of actual credits for the time served between his arrest for the sexual assault charge and the time his supervision ended. He requests that this court direct the superior court clerk to amend the abstract of judgment to add the additional credits. The Attorney General concedes and joins Venegas's request that the additional credits be added by amending the abstract.

The trial court concluded that Venegas was not entitled to credit for the time between his arrest and when his term of supervision ended. The parties agree that the court erred, as do we. Pursuant to section 1170, subdivision (h)(5)(B), an incarcerated defendant may not accrue credits against a term of mandatory supervision unless the conduct resulting in the supervision was the "true and only unavoidable basis" for the incarceration. (*People v. Bruner* (1995) 9 Cal.4th 1178, 1192, italics omitted.) To receive credit for the specific time requested here, Venegas must establish that the probation revocation was based on the new criminal charges alone, and that his probation was not revoked on other independent grounds. The parties agree that the sex offense charges were the sole basis for Venegas's August 28, 2018 arrest, the sole basis for the revocation petition, and the sole basis for his subsequent admission of violating the conditions of mandatory supervision. Thus, Venegas is entitled to an additional 212 days of actual credits.

3

### III.   DISPOSITION

The superior court clerk is directed to prepare an amended abstract of judgment for case 18CR008237 and case SS170202A to include an additional presentence credit of 212 actual days, for a total of 423 actual days, and to forward a copy of the amended abstract of judgment to the California Department of Corrections.  As modified, the judgment is affirmed.